Pratt, J.
The answer of the defendant herein, which is admitted by the demurrer, sets forth two good defenses to the claim of the petitioner, to wit: First, that she never assumed or exercised any control over the estate of John P. Rust, or received any of the assets thereof as executrix, but that the same was exclusively managed and controlled by her co-executor, or Rodolphus B. Johnson; and second, that a full settlement has been had with the petitioner, and such settlement executed, and a final accounting had in the surrogate’s court.
*903 These defenses fully met the allegations of the petitioner, so far as this petition is concerned. There is no statemént in the petition of negligence or bad faith on the part of the defendant, and no claim that any funds have come into her hands since said settlement.
• It would be manifestly unjust to hold the defendant responsible because she consented ■ to, or joined in, the accounts as filed by her co-executor, as she was induced to take that course at the solicitation of the petitioner, and the more so, as it is admitted that the co-executor was pecuniarily responsible at the accounting, and afterwards died insolvent.
The fact that such account was not approved and passed by the surrogate is not material. The parties to the accounting consented to the entry of such an order, and this was as binding upon such parties as if the order had been entered.
The parties have acted upon the faith of these proceedings for a long time, and are estopped from now questioning their validity as against each other.
It follows that the order must be reversed.
All concur.